JOHNSON, DRAKE & PIPER, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FEDERAL BUILDING REALTY CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 41434, 41435, and 44098.   Promulgated January 31, 1933.

*Leland W. Scott, Esq.*, for the petitioners.
*James K. Polk, Esq.*, for the respondent.

OPINION.

LANSDON: The respondent has determined deficiencies in income taxes against Johnson, Drake & Piper, Inc., for 1926 and 1927, in the respective amounts of $7,517.69 and $705.89. He has also determined a deficiency against the Federal Building Realty Corporation for 1926 in the amount of $17,906.75. The proceedings have been previously consolidated.

On their income tax returns for 1926 each of the petitioners deducted as a loss the amount of certain promissory notes surrendered by them to the maker and canceled during that year. On its income tax return for 1927 Johnson, Drake & Piper, Inc., carried forward an alleged net loss as a deduction from income. Upon audit of the returns the respondent disallowed the deductions claimed for 1926 and the alleged net loss for 1927, holding that cancellation of the notes resulted in no loss to the petitioners, but was an additional capital contribution to the maker corporation, the petitioners being stockholders of such corporation.

The petitioners are corporations with their principal offices in Minneapolis, Minnesota. During the taxable years each was a stockholder of the Drake Company, a Minnesota corporation organized in 1925 for the purpose of acquiring properties in Florida, the stock of which was held as follows:

| Name | Date of certificate | Shares | Name | Date of certificate | Shares |
|---|---|---|---|---|---|
| Louis H. Piper | 6–19–25 | 1 | Nina P. Piper | 12–16–25 | .60 |
| C. A. Steen | 6–19–25 | 1 | George F. Piper, Jr | 6–19–25 | 2 |
| H. C. Piper | 6–19–25 | 5 | | 12–16–25 | 1.20 |
| | 12–16–25 | 3 | Johnson, Drake & Piper, Inc | 7–20–26 | 15.7778 |
| Henrietta J. Piper | 6–19–25 | 2 | Federal Building Realty Corp | 2– 4–27 | 9.333 |
| | 12–16–25 | 1.20 | G. W. Walker | 12– 1–28 | 21.6888 |
| George M. Drake | 6–19–25 | 2 | | | |
| | 12–16–25 | 1.20 | Total | | 79.9999 |
| Nina P. Piper | 6–19–25 | 1 | | | |

Advances were made to the Drake Company on June 19, 1925, and December 11, 1925, in the total amount of $392,000 and it issued its 6 per cent promissory notes payable on or before three years after date in equal amounts as follows:

|  | June 19, 1925 | Dec. 11, 1925 | Total |
|---|---|---|---|
| H. O. Piper | $24,500.00 | $14,700.00 | $39,200.00 |
| C. E. Lewis & Company | 24,500.00 | | 24,500.00 |
| Henrietta J. Piper | 9,800.00 | 5,880.00 | 15,680.00 |
| Nina P. Piper | 4,900.00 | 2,940.00 | 7,840.00 |
| George F. Piper, Jr | 9,800.00 | 5,880.00 | 15,680.00 |
| Federal Bldg. Realty Corp | 98,000.00 | 58,800.00 | 156,800.00 |
| Johnson, Drake & Piper, Inc | 53,900.00 | 47,040.00 | 100,940.00 |
| Algot F. Johnson | 9,800.00 | 5,880.00 | 15,680.00 |
| George M. Drake | 9,800.00 | 5,880.00 | 15,680.00 |
| Total | 245,000.00 | 147,000.00 | 392,000.00 |

On December 20, 1926, at a special meeting of the board of directors of the Drake Company, the following resolution was adopted:

WHEREAS it appears from reliable appraisals by disinterested parties, that the assets of the Company have shrunk during the year 1926, to the extent of $319,000.00, and that the true value of the assets is $319,000.00 less than the figures shown on the books of the Company, and

WHEREAS it is desirable to reduce the liabilities of the Company to a figure not exceeding the assets thereof, and

WHEREAS various stockholders of the Company hold notes of the Company to the amount of $392,000.00,

Now, THEREFORE, BE IT RESOLVED, That the Company, by and through its President or one of its Vice-Presidents, request the stockholders owning and holding said notes of the Company to the amount of $392,000.00, to surrender such notes and accept in lieu thereof notes of the Company which shall in each instance amount to 18.622 per cent of the present outstanding notes, such new notes to amount in the aggregate to $73,000.00, said sum of $73,000.00 being the difference between the aggregate amount of the notes now outstanding, to-wit, $392,000 and the depreciation, to-wit, $319,000 in the assets of the company;

AND BE IT FURTHER RESOLVED that if and when the stockholders of the Company holding the present outstanding notes of the Company, shall agree to accept such reduced notes, that the President or Vice-President, and the Secretary or Assistant Secretary of this Company do, and they are hereby authorized to accept and cancel any of the present outstanding notes of the Company, and to issue for and on behalf of the Company new notes in accordance with the terms of this Resolution.

The following stockholders of the company accepted the terms of the foregoing resolution, and new notes were issued to them as follows:

| Stockholders | Notes sur- rendered | Reduced notes issued |
|---|---|---|
| H. C. Piper | $39,200.00 | $7,300.00 |
| Henrietta Piper | 15,680.00 | 2,920.00 |
| Nina P. Piper | 7,840.00 | 1,460.00 |
| G. F. Piper | 15,680.00 | 2,920.00 |
| Federal Realty Bldg. Corp | 156,800.00 | 29,200.00 |
| Johnson, Drake & Piper, Inc. | 87,111.12 | 16,222.22 |
| Algot F. Johnson | 54,008.88 | 10,057.78 |
| G. M. Drake | 15,680.00 | 2,920.00 |
| Total | 392,000.00 | 73,000.00 |

As of December 31, 1926, the Drake Company wrote down its assets in the total amount of $319,000, charging such amount against donated surplus created by cancellation of notes payable in a like amount as stated in the above minutes of December 20, 1926. Thereafter its balance sheet as of December 31, 1926, was as follows:

| Assets | | Liabilities | |
|---|---|---|---|
| Cash | $6,680.67 | Mortgages payable | $110,000.00 |
| Office fixtures | 71.28 | Notes payable | 73,000.00 |
| Mortgages receivable | 31,000.00 | Contracts payable | 85,075.00 |
| Automobile | 500.00 | Interest accrued | 12,304.63 |
| Everglades Apartment | 177,932.67 | Accounts payable | 20,593.00 |
| Unimproved real estate | 71,600.00 | Accrued items | 3,207.17 |
| Stock | 10,000.00 | Unrealized profit | 23,904.46 |
| Accrued interest | 2,266.67 | Capital stock | 8,000.00 |
| Prepaid items | 9,962.81 | | |
| Deficit | 26,070.16 | | |
| Total | 336,084.26 | Total | 336,084.26 |

The petitioners' evidence as to the fair market value of the Drake Company's assets on December 31, 1926, which consists of the testimony of numerous real estate experts and of the Drake Company's officers, convinces us that the Drake Company's assets had shrunk greatly at December 31, 1926, and that the appraised value thereof, upon which it based the write-down on its books, represented the fair market value of its assets at that date. In our opinion the values shown on the books thereafter were conservative, considering the real estate situation in Florida. At the end of 1926 it was evident to those familiar with Florida values that the market had collapsed and that real values of Florida property were only a fraction of the prices at which such property had sold during the speculative era.

The petitioners ask us to conclude that the value of the assets on December 31, 1926, was much less even than the Drake Company determined and that the Drake Company's liabilities greatly exceeded its assets even after the assets were written down and the notes canceled. The facts do not support such a conclusion. As of December 31, 1926, the Drake Company was not commercially insolvent and the note holders had not suffered a complete loss of the face amounts surrendered and canceled.

We have consistently held that the voluntary cancellation or forgiveness of indebtedness does not give rise to a deductible loss and in the case of a stockholder who forgives debts due from a corporation, the amount is to be regarded as additional capital contributions and added to the basis for computing gain or loss upon subsequent disposition of his stock. *T. B. Floyd*, 11 B. T. A. 903; *Antoinette P. Altmayer*, 10 B. T. A. 1091; *Franklin Q. Brown*, 9 B. T. A. 965; Cf. *United States* v. *White Dental Co.*, 274 U. S. 398; *New York Life Ins. Co.* v. *Edwards*, 271 U. S. 109.

The facts of this case are distinguished from those in *Deeds & Kettering* v. *Commissioner*, 47 Fed. (2d) 695. The court there found that the Smith Gas Engineering Company was insolvent and that the taxpayers had sustained a real loss. In the instant case the petitioners surrendered notes which were not due for almost two years and which represented a prior claim to the Drake Company's assets. At least the petitioners would have been entitled to share with other creditors and could have realized a large part of the face of the notes. We think the respondent's determination must be approved.

*Decision will be entered for the respondent.*