GEORGE HALL CORPORATION v. SHAUGHNESSY, as Collector of Internal Revenue.

No. 1834.

District Court, N. D. New York.

June 26, 1946.

Crapser & Crapser, of Massena, N. Y. (J. C. Crapser, of Massena, N. Y., of counsel), for plaintiff.

Irving J. Higbee, U. S. Atty., of Syracuse, N. Y. (Harold D. Cohen, Sp. Asst. to Atty. Gen., of counsel), for defendant.

BRENNAN, District Judge.

This action involves the application of the provisions of the Internal Revenue Code relative to the imposition of an excess profits tax. The parties have stipulated that the decision in this case may be made upon the record made at the time of the trial of this action before the late Judge Bryant.

The facts are not in dispute and they may be summarized concisely. The plaintiff seeks to recover alleged over-payments of the excess profits tax imposed for the year 1940. The action is based upon the refusal of the defendant Collector to allow an item of $107,730, to be considered as part of the equity invested capital of the plaintiff corporation in the computation of its excess profits tax for the year 1940. During the period from June, 1932, through 1940, Frank A. Augsbury was the president of the plaintiff corporation, and owned substantially two-thirds of its outstanding stock, and two-thirds of its outstanding debenture bonds. By reason of his ownership he became entitled to receive interest upon said bonds in the amount of $26,932.50 in each year. Such interest was not paid during the years 1932, 1933, 1934 and 1935. In 1936 and 1937 Frank A. Augsbury completely and irrevocably forgave the amount of accrued debenture interest which was due him, as above stated. His action was motivated by his desire to cooperate with the plaintiff, in the matter of obtaining a loan from the Federal Reserve Bank of New York; such loan being made necessary by reason of the financial embarrassment of the plaintiff.

The plaintiff at all times material herein computed its income and reported its income tax upon an accrual basis, so that each year there was deducted from its income the item of $26,932.50, representing debenture interest accrued to **Frank A. Augsbury**, but not paid to him.

Frank A. Augsbury at all times material herein computed his income and reported his income tax upon a cash basis, and at no time did he include any part of the accrued debenture interest as a taxable item of income in his tax return.

Upon the forgiveness of the accrued interest, as above described, the item of $107,730 was credited to "donated surplus" on the books of the plaintiff corporation. It is apparent that litigation arose out of the taxing status of the item of $107,730, and it was determined that same was a gift to the plaintiff corporation and not taxable, as income. George H. Hall Corporation v. Commissioner, 2 T.C. 146.

The excess profits tax return of plaintiff for the year 1940 included the item of $107,730, as a part of its equity invested capital, which was used as a basis for the assessment of an excess profits tax. The item was eliminated by the Commissioner, and an additional tax imposed, which was paid. Plaintiff has brought action to recover from the Commissioner an amount equal to such additional tax.

The plaintiff contends that the item of $107,730 is a "contribution to capital" which may be added to its equity invested capital in determining same within the meaning of the applicable law.

While the defendant does not concede that the forgiveness of accrued interest by Augsbury constituted a contribution to capital, it contends that, even if it be so considered, the plaintiff corporation may not include such item as an addition to its equity invested capital under the applicable law.

The conclusion is reached that Augsbury's action in forgiving the corporate debt due him constituted a contribution to the capital of the corporation. Helvering v. American Dental Co., 318 U.S. 322, 63 S.Ct. 577, 87 L.Ed. 785; Commissioner v. Auto Strop Safety Razor Co., 2 Cir., 74 F.2d 226; Carroll-McCreary Co., Inc., v. Commissioner, 2 Cir., 124 F.2d 303.

To determine the basis which must be used by the corporation in including such contribution to capital in its excess profits tax return is, therefore, the ultimate question to be determined in this action.

The parties are not in dispute as to the provisions of law which must govern the decision. They are Internal Revenue Code, Title 26 U.S.C.A. § 718(a) (2), Section 113(a) (8) (B); Treasury Regulation 109, Sec. 30.718—1. It is the application of the above provisions to the facts in this case which is the crux of the dispute between the parties. There is no question but that the statute does not clearly and specifically enunciate the basis which a corporation may use in determining the amount of its equity invested capital, where a chose in action is the subject of the contribution to the capital of the corporation.

Section 718, above referred to, provides in part that the equity invested capital of a corporation shall be determined by the sum of money paid in, and of the property contributed to capital " * * * in an amount equal to its basis (unadjusted) for determining loss upon sale or exchange."

Section 113, as far as applicable, is quoted below:

"Sec. 113. Adjusted basis for determining gain or loss.

"(a) Basis (unadjusted) of property. The basis of property shall be the cost of such property; except that—

\* \* \* \* \* \* \*

"(8) Property Acquired by Issuance of Stock or as Paid-in surplus. If the property was acquired after December 31, 1920, by a corporation—

\* \* \* \* \* \* \*

"(B) as paid-in surplus or as a contribution to capital, then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in, the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made."

The parties appear to be in agreement that the item of forgiven interest considered as a contribution to capital shall be considered upon the same basis as it would be in the hands of Augsbury, but they disagree as to just what that basis was in his hands.

■ The plaintiff contends that while Augsbury never considered the item as income, and it never appeared in any manner

in his income tax return, nevertheless, it had a basis in his hands inasmuch as it might be treated by him as an additional cost of his investment in the corporation and added to the cost price thereof, in order to compute his gain or loss on a subsequent sale of the securities. Johnson, Drake & Piper, Inc., v. Commissioner of Internal Revenue, 27 B.T.A. 585, affirmed, Johnson, Drake & Piper, Inc., v. Helvering, 8 Cir., 69 F.2d 151.

This contention is rejected. Before the item could have any such basis it must have been parted with by Augsbury. In other words, if the item of forgiven interest is to be taken upon the same basis as it would be in his hands, it must be considered that he is still the owner of it, and he could not retain ownership of the debt and at the same time add its face value to the cost of his stock, in order to determine a gain or loss on the sale thereof. Plaintiff's contention amounts to considering the item in the hands of the transferor after its transfer rather than "—if the transfer had not been made."

■ Plaintiff also contends that the item in dispute had a value in the hands of Augsbury, which is the basis upon which the corporation may use the item in the determination of its equity invested capital. There is not sufficient evidence in the record to make a determination of its value. It is further apparent that the Regulations above cited did not intend that a contribution to capital made after December 31, 1920, should be considered upon the basis of market value, inasmuch as by its language it provides that property acquired prior to January 1, 1921, shall be considered on the basis of its fair market value, while property acquired after December 31, 1920, must be treated as it would be in the hands of the transferor. The distinction in the basis to be used when property is acquired before and after January 1, 1921, is apparent.

The defendant contends that the statute and regulations above referred to contemplate that the item in question must be treated by the corporation for excess profits tax return purposes upon the same basis as the item was or could be treated in the hands of Augsbury upon an income tax

basis. It is urged that Augsbury having placed no value upon the item in any manner for income tax purposes, it must be considered upon the same basis in the hands of the corporation. The item, therefore, had a zero basis in the hands of Augsbury, and it may not be used to increase the equity invested capital of the corporation.

No controlling case precedents have been cited. A similar contention was advanced in the case of Liberty Mirror Works v. Commissioner, 3 T.C. 1018, but the decision turned upon a different legal issue. A "basis of zero" theory was accepted in Helvering v. Gowran, 302 U.S. 238, 58 S.Ct. 154, 82 L.Ed. 224, but the facts in that case are distinguishable from those in the instant case.

The language of the statutes involved indicates that the basis which the plaintiff must use in determining its equity invested capital is the tax basis of the forgiven debt in the hands of Augsbury. The "value" or "cost" of the debt to him is not the measure of its use. Mertens, Law of Federal Income Taxation, Vol. 7A, Sec. 42.111. If the transfer had not been made, or if the debt had not been forgiven, it had a zero basis for all taxing purposes. The plaintiff must treat it upon the same basis in its excess profits tax return.

Defendant is entitled to a judgment upon the issues in this action dismissing the complaint insofar as this item is concerned.

Plaintiff is entitled to a judgment upon the remaining issues in this action, in accordance with the stipulation of the parties.