PONDFIELD REALTY COMPANY, INC., PETITIONER, *v.* COMMISSIONER
OF INTERNAL REVENUE, RESPONDENT.

Docket No. 109341.   Promulgated December 8, 1942.

OPINION.

STERNHAGEN, *Judge:* Determining a deficiency of $482.51 income tax
for 1939, the Commissioner held that the cancellation of $3,750 indebt-
edness for salaries due officers constituted taxable income. The
proceeding was submitted under Rule 30 upon a stipulation of facts.

The petitioner is a New York corporation and filed its 1939 income
and excess profits tax return in the third district of New York. Its
assets consist entirely of a one-story business building in Westchester
County and its income since incorporation has been only the rents
therefrom. Its shares were held one-third by Milton M. Silverman
& Sons, Inc., the president of which, Silverman, is vice president and
director of petitioner; one-third by Eugene S. Mindlin, secretary and
director of petitioner, and one-third by an unnamed corporation until
July 1936, and thereafter by trustees for the benefit of "certain close
relatives" of Leonard Marx, president and director of petitioner. Sal-
aries of $1,250 each were voted Silverman, Mindlin, and Marx for
1936 as compensation for services performed. Petitioner's tax returns
were on the accrual basis, and in its return for 1936 it deducted $3,750
as salaries. The return showed a net loss of $2,792.59 and no tax for
that year was paid. The three individuals did not include the said
amounts as income in their individual returns for 1936, although it is
not stipulated whether their returns were on the cash or the accrual
basis.

In 1939 the individuals "gratuitously forgave the obligation of peti-
tioner to pay said salaries." Petitioner was solvent in 1939. It cred-
ited the said amount of $3,750 to its earned surplus account and did
not include the amount in income in its 1939 tax return. The Com-
missioner added the amount of $3,750 to petitioner's income and deter-
mined the resulting deficiency of $482.51.

The petitioner relies entirely upon Regulations 103, sec. 19.22 (a)–
14,[1] and *Carroll-McCreary Co.*, 124 Fed. (2d) 303. It says that all three
of the individual officers who forgave the salaries "were stockholders

[1] SEC. 19.22 (a)–14. *Cancellation of indebtedness.*—(a) *In general.*—The cancellation
of indebtedness, in whole or in part, may result in the realization of income. If, for
example, an individual performs services for a creditor, who in consideration thereof
cancels the debt, income in the amount of the debt is realized by the debtor as compensation

within the meaning of section 503 of the Internal Revenue Code," disregarding the fact that section 503 is in subchapter A of chapter 2 and is expressly limited to constructive ownership for the purpose of determining whether a corporation is a personal holding company and as such subject to the additional income taxes levied by the chapter. Section 503 is not implemented by section 19.22 (a)–14 of the regulations but by section 19.503 (a)–1 *et seq.*, and has nothing to do with the question at issue here.

Section 19.22 (a)–14 expressly states the general rule to be that the cancellation of indebtedness may result in the realization of income. It is only as a caveat that the section provides that if the cancellation is a gratuitous forgiveness *by a shareholder* it amounts to a contribution to the corporation's capital. This can not be read as meaning by a person who by the special terms of the personal holding company definition is for the special purpose of that chapter treated as a constructive shareholder. There is no justification in this record for regarding Silverman and Marx as shareholders of the petitioner. Silverman was president of one of petitioner's three shareholders, but was himself not a shareholder of petitioner; Marx was not a shareholder but was a "close relative" of the beneficiaries of a trust for whom one-third of the shares were held. The forgiveness by them of the salary obligation of the petitioner, even though gratuitous, is not a contribution to the capital of the corporation, and is not within the terms or intendment of the regulation. It was a simple cancellation of the corporation's salary obligation to employees, which freed the corporation's assets which had been committed to its payment, and was a realization of income, *Kirby Lumber Co.* v. *United States*, 284 U. S. 1.

Mindlin was a shareholder and the regulation literally applies to his forgiveness of the salary obligation. The regulation contains no qualification; a shareholder's gratuitous forgiveness of a debt is said categorically to amount to a contribution of capital. Except for the recently added words, "in general," there is no room for a consideration of circumstances as to whether the corporation was in need of capital, whether the shareholder intended to enlarge his capital contribution, whether the-transaction was accounted for on the corporation's books as a capital item, whether it was thereafter treated, say by the distribution of a dividend, as earned surplus or undivided profits rather than as capital surplus, or whether the so-called contribution was a mere reversal of an expense item which had been used, when incurred, as a deduction to reduce taxable income. Unless the words "in gen-

---

for his services. A taxpayer realizes income by the payment or purchase of his obligations at less than their face value. (See section 19.22 (a)–18.) In general, if a shareholder in a corporation which is indebted to him gratuitously forgives the debt, the transaction amounts to a contribution to the capital of the corporation to the extent of the principal of the debt.

For exclusion from gross income of income attributable to the discharge of indebtedness of a corporation in an unsound financial condition, see section 19.22 (b) (9)–1.

eral" imply that any such circumstances are exceptional, the forgiveness is, according to the regulation, a contribution of capital; and yet to regard them as exceptional would almost strip the general rule of its ordinary meaning. In this case, Mindlin was one of three coordinate employees, all of whom, for unknown reasons and purposes, forgave their equal salaries. It is hard to see that the character of Mindlin's forgiveness is more a capital contribution than that of either of the others. It was no more dedicated to capital than theirs and was treated no differently by the corporation. No evidence was given to Mindlin of an enlarged capital interest. The entire $3,750 was credited to earned surplus and was therefore immediately available not alone for capital uses but also for dividends. Under such circumstances, we find it impossible to say that the $1,250 forgiven by Mindlin was a contribution of capital. It was a mere reversal of an accrued expense which had been deducted in 1936, and the restoration of the amount to earned surplus was the occasion for treating it as income and taxing it.

The petitioner cites *Carroll-McCreary Co.* v. *Commissioner*, *supra*. That case differs from the present case in that the shareholder employees had included their salaries in their taxable income in the same year that the amount was deducted by the corporation. We do not believe that the decision of the court was unaffected by that circumstance, and that if the employees had omitted their salaries from income while the corporation deducted them, it would nevertheless have decided that the forgiveness was a nontaxable capital contribution. Cf. *Beacon Auto Stores, Inc.*, 42 B. T. A. 703; *Howard Paper Co.*, 43 B. T. A. 545. No suggestion was made by the petitioner as to the tax benefit theory, and it has, therefore, not been considered or decided. Cf. *Amsco-Wire Products Corporation*, 44 B. T. A. 717.

Reviewed by the Court.

*Decision will be entered for the respondent.*