GEORGE HALL CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 107409. Promulgated January 19, 1943.

*Howard F. Farrington, C. P. A.*, for the petitioner.
*Harold D. Thomas, Esq.*, for the respondent.

472

STERNHAGEN, *Judge:* The question at issue is whether the amount forgiven by a shareholder of an indebtedness of his corporation to him for arrears of interest on debentures held by him is properly included in the corporation's income in the year of the forgiveness. The interest, in common with all the other interest on the debentures, had been deducted by the corporation on its returns for the years when the interest accrued. The Commissioner held that the amount constitutes taxable income and the corporation contests the holding. The principal ground for the petitioner's conclusion is that the forgiveness was gratuitous and that petitioner credited it to donated surplus; for these reasons, it argues, the amount swelled the value of the shares and must be regarded as a contribution to the corporation's capital and not as income. We think the Commissioner's determination was correct.

The corporation had, correctly, deducted the interest in the earlier years when it accrued and charged its assets with the burden of the

interest debt. This burden was removed by the cancellation, which "made available $107,130 assets previously offset by the obligation." Cf. *United States* v. *Kirby Lumber Co.*, 284 U. S. 1. The corporation was solvent, and the amount was apparently available for distribution as dividends, even though it was in the "donated surplus" account.

The petitioner relies upon Regulations 94, art. 22 (a)-14. This is the same as that considered in *Pondfield Realty Co.*, 1 T. C. 217. As applied to cases like this, we can not regard that regulation as a correct statement of the law. We seriously doubt that the court in *Carroll-McCreary Co.* v. *Commissioner*, 124 Fed. (2d) 303, meant to hold, as the regulation categorically says, that every gratuitous forgiveness by a shareholder is *per se* a contribution of capital, even though the opinion apparently so holds. With some hesitation, we sustain the Commissioner's determination. Cf. *Helvering* v. *Jane Holding Corporation*, 109 Fed. (2d) 933; certiorari denied, 310 U. S. 653; rehearing denied 311 U. S. 725.

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

BLACK, *J.*, concurring: The forgiveness by Frank A. Augsbury, one of the principal stockholders of petitioner, of his debt against petitioner seems to come literally within the terms of article 22 (a)–14 of Regulations 94, which is applicable to the taxable year involved in this proceeding. That article deals with the cancellation of indebtedness, and provides that in certain cases "the cancellation of indebtedness in whole or in part may result in the realization of income." The article goes on and enumerates some of the instances where income results from the cancellation of indebtedness and then specifically provides: "If a shareholder in a corporation which is indebted to him gratuitously forgives the debt, the transaction amounts to a contribution to the capital of the corporation."

In the instant case it is conceded that Augsbury was a stockholder of petitioner and owned 1,984½ of its 3,000 shares outstanding. Also it seems clear that his cancellation of his indebtedness against petitioner was gratuitous. The only question which therefore remains is: Was the debt which Augsbury canceled one which is contemplated by the regulations and which resulted in a contribution to capital? I do not think it was. I think a reasonable construction of the Treasury regulations on this point is that the word "debt" as therein used means a debt incurred for a capital outlay. For example, if Augsbury had canceled any of the principal of the debenture bonds which were owing to him by the corporation, such would have been in truth and in

fact a contribution to the capital of the corporation on his part. If such a forgiveness is made to a solvent corporation by an outsider the transaction results in taxable income to the corporation. Where it is made by a stockholder, it is a contribution to capital. Regulations 94, art. 22 (a)–14. But interest which the corporation has accrued on its books and has taken as a deduction in determining its net taxable income, receiving a tax benefit thereby, but which the corporation has never paid, falls into a different category.

Article 22 (a)–14 of Regulations 101 recognizes this difference and the language therein contained which corresponds to the portion of article 22 (a)–14 of Regulations 94, quoted above, reads as follows: "In general, if a shareholder in a corporation which is indebted to him gratuitously forgives the debt, the transaction amounts to a contribution to the capital of the corporation to the extent of the *principal* of the debt." [Italics supplied.]

There had been no change of law to bring about this change in the language of the regulations, nor do I think that the change in question was meant to be a departure from the former regulation, but was simply a clarification of what had been the meaning of the language all along. That the regulation involved in this proceeding has the meaning which I have indicated above seems to be the view of the court in *Helvering* v. *Jane Holding Corporation*, 109 Fed. (2d) 933; certiorari denied, 310 U. S. 653.

The decision of the court in that case was primarily based upon the fact that the cancellation by the Jane Holding Corporation of the indebtedness which was owed it by the trust stockholder of the corporation was not gratuitous. The court, however, went further and pointed out that in its opinion the sort of debt which the regulation was intended to cover was the principal of the debt and not the interest which the taxpayer corporation had from time to time used as a deduction in reducing its net income subject to taxation. The court said on this point:

We think it plain that the Article purports and intends to deal only with principal indebtedness and that the declaration and the three illustrations of the Article indicate that the subject of interest accruing upon indebtedness as a separate matter distinct from indebtedness, was "not in the draftsman's mind" (Member Sternhagen), or within the scope or intendment of the Article. * * *

Because I share the views above expressed, I concur in the majority opinion in holding that petitioner is taxable upon the forgiven interest which it had accrued in prior years as a liability but has never paid and had used as a deduction for reducing its taxable net income.

SMITH, KERN, and OPPER, *JJ.*, agree with the above.