GEORGE HALL CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 107409. Promulgated June 16, 1943.

*Howard F. Farrington, C. P. A.*, for the petitioner.
*Harold D. Thomas, Esq.*, for the respondent.

#### OPINION ON RECONSIDERATION.

STERNHAGEN, *Judge:* This case is again before this Court on reconsideration because after the opinion of January 19, 1943, 1 T. C. 471, sustaining the deficiency, the Supreme Court on March 1, 1943, handed down its decision in *Helvering* v. *American Dental Co.*, 318 U. S. 322. The petitioner filed a motion for reconsideration in the light of that opinion and the Commissioner made no opposition. Supplemental memoranda have been filed.

We can see no escape from applying the same rationale to this case as was applied by the Supreme Court in the *Dental* case, requiring the conclusion that the voluntary cancellation of debenture interest by the debenture holder—a large shareholder—was a gift which was not taxable income to the petitioner corporation although it had accrued and had been deducted in the earlier years when it fell due. It is no

less a gift because Augsbury, the creditor, permitted the accrued interest to be canceled in order to relieve the corporation of a strained financial condition and strengthen its financial position. That, generally speaking, was the circumstance of the Dental Co., and the Court held that the forgiveness was nevertheless a nontaxable gift, irrespective of whether the debtor corporation was solvent or insolvent. The character of gift was held by the Supreme Court to be a matter of law under comparable circumstances, and we feel bound to hold, as a legal proposition, that the forgiveness by the shareholder-debenture holder here was a gift, and, therefore, not taxable income of the petitioner corporation. The fact that the regulations may give ground for calling it also a contribution of capital, cf. *Carroll-McCreary Co.* v. *Commissioner*, 124 Fed. (2d) 303, does not affect the decision.

This opinion supersedes that of January 19, 1943, 1 T. C. 471, and the Commissioner's determination on this point is reversed.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

LEECH, J., dissenting: The decision here, I think, should follow that in *Helvering* v. *Jane Holding Corporation*, 109 Fed. (2d) 933; certiorari denied, 310 U. S. 653. See *Pondfield Realty Co.*, 1 T. C. 217 (on appeal, C. C. A., 2d Cir.). The holding of the Supreme Court in *Commissioner* v. *American Dental Co.*, 318 U. S. 322, must be "read in the context of its facts." *Detroit Edison Co.* v. *Commissioner*, 319 U. S. 98. When so read it certainly is not to be construed as reversing *Helvering* v. *Jane Holding Corporation*, *supra*. That, I think, is the fallacy of the majority opinion.

OPPER, J., agrees with this dissent.