THE PANCOAST HOTEL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 110328.   Promulgated June 30, 1943.

*Douglas D. Felix, Esq.*, for the petitioner.
*F. L. Van Haaften, Esq.*, for the respondent.

OPINION.

DISNEY, *Judge:* The first question here presented is whether the petitioner realized taxable income by reason of the forgiveness of part of its indebtedness for interest accrued on the general mortgage bonds. The petitioner contends that the cancellation constituted a gift, and that it is therefore not to be included in income. If it was not a gift, the petitioner concedes that it is taxable "at least to the extent of the 'tax benefit' which it received in prior years from the accrual and de-deduction of said interest." The respondent's position is that there was no gift, and that the entire credit to undivided profits is taxable income, regardless of the realization of tax benefit to the petitioner by reason of interest deductions claimed in prior years. By affirmative allegation in the answer it is averred in the alternative that, by reason of the receipt of benefits in prior years, the petitioner is estopped to change its position with respect to the inclusion of the forgiven amount in income.

In our opinion the recent Supreme Court decision in *Helvering* v. *American Dental Co.*, 318 U. S. 322, requires a holding in the petitioner's favor on the first issue. The Court in that case held that the forgiveness of a taxpayer's indebtedness for interest on promissory notes and for back rent was a gratuitous release upon the part of the creditors, and thus constituted a gift rather than resulting in the realization of taxable income. The fact that business reasons may have motivated the creditors to agree to cancel their claims was held to be immaterial. In the instant case the evidence establishes that the bondholders received no consideration for their agreement to accept less than the amounts due them. The transaction must therefore be viewed, in the words of the Supreme Court in the *American Dental* case, as "a release of something to the debtor for nothing, and sufficient to make the cancellation here gifts within the statute." There is no merit to the respondent's allegation that the petitioner is estopped to

deny that the canceled interest constituted income. He does not argue the point upon brief. There was no misrepresentation of fact by the petitioner here. The interest deductions were properly claimed on the returns for prior years. The forgiveness of part of the debt which they represented having been gratuitous, the petitioner realized no taxable gain thereby under the rule of the *American Dental* case, and resort to the doctrine of estoppel may not now be had to create income out of what never was income either in law or in fact. As was said in *Sugar Creek Coal & Mining Co.*, 31 B. T. A. 344, 346:

> Estoppel is not an element of income but only a doctrine affecting liability. It cuts across substantive principles in order to promote an assumed fairness thought to be more important than an adherence to conventional legal considerations. It does not create a right but only affects remedy. * * *

We hold that the forgiveness of part of the accrued bond interest did not result in petitioner's realization of taxable income. Cf. *George Hall Corporation*, 1 T. C. 471; superseded, 2 T. C. 146.

We next consider the effect of the acceptance by Thomas J. Pancoast of $12,970 less than the amount designated as interest under the option contract. The petitioner contends that it had been in error in accruing and deducting interest under the contract in prior years, that the adjustment agreed to by Pancoast amounted merely to a reduction in the purchase price of the optioned land, and that the return as income in the taxable period of a part of the amount forgiven resulted in the overpayment of tax alleged in the petition. The respondent determined that the entire saving was taxable income. By affirmative allegations in the answer it is averred, in substance, that, by reason of the receipt of benefits in prior years, the petitioner is estopped to assert that the amounts accrued as interest were not in fact interest, or to change its position with respect to the inclusion of the amount forgiven in income. It is further alleged that if no income was realized by the petitioner, then the amounts allowed as deductions for interest and taxes in the taxable period should be restored to income.

We think that it can not be doubted that the petitioner's accrual and deduction of interest under the contract was erroneous. The contract did not result in the incurrence by the petitioner of any fixed and unconditional indebtedness, without the existence of which interest may not properly be accrued. *Commissioner* v. *Park*, 113 Fed. (2d) 352; *Autenreith* v. *Commissioner*, 115 Fed. (2d) 856; *Gilman* v. *Commissioner*, 53 Fed. (2d) 47. Cf. *Deputy* v. *du Pont*, 308 U. S. 488. Here, the petitioner was under no obligation, so far as the contract was concerned, until it elected to exercise its right to purchase the land in the taxable year. We agree with the petitioner that the amounts

designated as interest and to be paid upon exercise of the option were in fact no more than additions to the purchase price, exacted by the seller for the delay in receiving payment. His ultimate acceptance of less than the amounts provided by the contract therefore amounted merely to a reduction of the agreed sale price. *Henrietta Mills, Inc.*, 20 B. T. A. 651; affd., 52 Fed. (2d) 931; *Pratt-Mallory Co.* v. *United States*, 12 Fed. Supp. 1020 (Ct. Cls.). Cf. *Resthaven Memorial Cemetery, Inc.*, 43 B. T. A. 683. Moreover, in the light of the Supreme Court's decision in the *American Dental* case, the petitioner must prevail on this point even if the adjustment of interest may be viewed as a cancellation of indebtedness. Pancoast's agreement to accept less than the agreed amount was entirely without consideration, and therefore constituted a gift to the petitioner, the value of which is not to be included in income under the statute. *George Hall Corporation, supra.*

The respondent contends further, however, that the petitioner may not now assert that the interest reduction did not result in the realization of taxable income. The question for decision is whether the facts here involved justify an application of the doctrine of estoppel, or some doctrine akin to estoppel. Upon brief the respondent argues that "Whether such holding be by way of a quasi estoppel, election, or waiver is immaterial to the respondent. The facts, when considered, so closely resemble any of the above that the court could hold equally well for the respondent for any of the above reasons." The burden of proving facts justifying application of the doctrine of estoppel is upon the party asserting it as a defense. See, e. g., *Helvering* v. *Brooklyn City R. Co.*, 72 Fed. (2d) 275; *Tide Water Oil Co.*, 29 B. T. A. 1208, 1221; *Sugar Creek Coal & Mining Co., supra*. The facts here are that interest deductions were improperly claimed and allowed on prior returns. But the respondent has failed to show that the allowance of the deductions was in reliance upon any act or wrongful nondisclosure of fact amounting to misrepresentation on the part of the petitioner, or that the Commissioner was not cognizant of all the facts. On the contrary, it appears from the evidence that his agents made examinations of petitioner's returns during the period in question, that on those occasions they had free access to and actually examined the books showing the accruals of interest, and that they were furnished with whatever information they asked for. Failing proof of bad faith on petitioner's part, the deductions must be presumed to have been claimed and allowed as the result of a mistake of law. In general such mistake will not support estoppel. *H. & G. Amusement Co.*, 46 B. T. A. 1095, 1101, and cases there cited. Cf. *United States* v. *Scott & Sons, Inc.*, 69 Fed. (2d) 728.

The respondent relies upon the statement of the Sixth Circuit in

*Commissioner* v. *Liberty Bank & Trust Co.*, 59 Fed. (2d) 320, 325, that:

\* \* \* The Commissioner of necessity does and must rely largely upon the representations of the taxpayer, and, in order to estop the taxpayer from assuming a contrary position, he is not compelled to look with suspicion upon all such representations and himself examine, or cause to be examined, the financial condition of all the taxpayer's debtors. It is the duty of the taxpayer to deal fairly and truthfully with the government. \* \* \*

In that case the taxpayer, having claimed and been allowed worthless debt deductions in prior years, was held to be estopped in the taxable year to deny the prior worthlessness, ascertainment, and charge-offs. The fact distinguishing the case from the instant proceeding is that there the taxpayer had made a representation of fact, namely that the debts were ascertained to be worthlesss and charged off when the deductions were claimed, and the Commissioner's reliance thereon was held justifiable. Here, the most that the petitioner may be said to have represented is that it was under obligation to pay interest under the option contract. Whether or not it was so obligated presented a question of law. The Commissioner had all the facts before him or readily available to him. His failure to examine the facts, or his erroneous conclusion with respect to them, can not now be held to constitute the basis of a representation of fact by the petitioner. Cf. *Hull* v. *Commissioner*, 87 Fed. (2d) 260, 262; *Grauman's Greater Hollywood Theatre, Inc.*, 37 B. T. A. 448.

The cases of *Alamo National Bank of San Antonio* v. *Commissioner*, 95 Fed. (2d) 662, and *Orange Securities Corporation*, 45 B. T. A. 24; affd., 131 Fed. (2d) 662, relied upon by the respondent, are distinguishable. In the former the taxpayer in a prior year had actually made a representation as to value upon which the Commissioner had relied. See *Ellene Z. Rozensteel*, 46 B. T. A. 1184. 1201. In the *Orange Securities* case the taxpayer's transferor failed to report gain on a sale of property for which he received promissory notes, and we held that he thereby in effect declared that the notes had no fair market value at that time. In that case the mistake made by the petitioner, if considered as one of law, and not as a representation, resulted in silence on the part of the petitioner in not returning income from a certain transaction, and therefore resulted in ignorance of the Commissioner as to the matter, while herein the petitioner's error of law resulted in no silence misleading the Commissioner, but on the contrary resulted in affirmative action—deduction of interest—of which the Commissioner was immediately made aware not only by the petitioner's return itself, but also by the examination of petitioner's records later. The respondent has the burden of proving estoppel,

and has not shown that his agents did not .see the option contract itself. Without evidence of details of the respondent's examination, we can of course not find that the complete situation was not made known to his agents. *Mahlon D. Thatcher*, 46 B. T. A. 869, 881. Thus we see that only a change of position by the petitioner remains as basis for estoppel. But this resulted from a mutual mistake make by the petitioner and the respondent's agents passing upon the return and records, as to the effect of the option agreement on interest. Such mutual error of law is no logical basis for plea of estoppel. One with knowledge of the facts, agreeing in effect upon an error of law, demonstrates no reason for estoppel of the other erring party merely because of such error. *Salvage* v. *Commissioner*, 76 Fed. (2d) 112; *United States* v. *Dickinson*, 95 Fed. (2d) 65; *Helvering* v. *William*, 97 Fed. (2d) 810. Moreover, "mere inconsistency in position does not give rise to estoppel, but it is the consequences of the inconsistency which create it." 31 C. J. S. 345. The inconsistency of petitioner's position herein is merely in taking a position which the Commissioner, so far as herein shown, had full opportunity in the first instance to suggest, to the petitioner's then detriment. Having failed to do so, he may not rationally now oppose the change. The respondent finds himself in his present situation not primarily because of the change of view by the petitioner, but more proximately by reason of his failure formerly to correct the petitioner, and disallow his claim. In *Hawke* v. *Commissioner*, 109 Fed. (2d) 946, all facts were disclosed to the deputy collector who helped to prepare returns, and it was held that the mistake of law, in which both parties participated, did not give rise to estoppel. We find no basis for estoppel or .quasi estoppel in the situation here at hand.

There remains for consideration the respondent's contention that, even if all the technical elements of an estoppel are not present, the petitioner must be held to have made an election in the handling of the interest under the contract to which he must now be held. We think that the facts present no basis for the application of such doctrine. As we said in *Tide Water Oil Co.*, *supra*, at page 1222 :

\* \* \* In order to be bound by his election a party must have had a right to elect and must have made an election with knowledge of his rights. upon which the other party properly relied. The necessary right to elect, the election, and reliance are all absent in this case. \* \* \*

So, too, the petitioner here had no right to elect. Nothing in the revenue acts permitted any choice between deducting or not deducting the interest accruals in question. There being no indebtedness, there was, as already pointed out, no right to the deductions. In claiming them the petitioner was no more making an election than is any taxpayer who takes a position for which there is no basis in law. This case presents no basis for application of the doctrine of election.

See also *American Light & Traction Co.*, 42 B. T. A. 1121, 1123, 1124, and cases there cited; affd., 125 Fed. (2d) 365; *Mahlon D. Thatcher, supra.*

We hold that the saving effected on the adjustment of interest paid under the option contract did not result in the petitioner's realization of taxable income. It follows that the amounts accrued as interest and taxes for the taxable period, and allowed as deductions in the determination of the deficiency, are not proper deductions.

*Decision will be entered under Rule 50.*