McConway & Torley Corporation, Petitioner, v. Commissioner of Internal Revenue, Respondent.

Docket No. 105538.   Promulgated August 19, 1943.

*Charles B. McInnis, Esq.*, for the petitioner.
*W. A. Schmitt, Esq.*, for the respondent.

#### OPINION.

Disney, *Judge:* This proceeding, since the filing of a second amended petition, involves income tax for the calendar year 1936, as to which the Commissioner determined a deficiency of $2,725.69; and income and excess profits taxes for 1937, as to which deficiencies of $26,313.86 and $17,204.17, respectively, were determined by the Commissioner.   After the hearing and the filing of brief upon the issues originally tendered, and after the passage of section 501 of the Revenue Act of 1942, petitioner asked and was given permission to claim the benefit of that section.   Thereafter, the parties filed their stipulation of facts covering the situation under that section and the respondent upon brief concedes that the petitioner is entitled to credit under section 501 (a) (3) of the Revenue Act of 1942, for the year 1936, to the extent of petitioner's undistributed net income.   This leaves for consideration the following issues:

Whether there should be included in petitioner's income the amount of certain interest accrued by the petitioner during the years 1936 and 1937, but forgiven by the creditor in 1937, and whether, if such interest so forgiven be not included in income, the petitioner should be allowed deduction of that portion thereof which had been accrued by it upon its books in 1937, prior to the forgiveness of the indebtedness; and whether in any event petitioner should be allowed deduction of certain interest paid during 1937, on the indebtedness later forgiven.

The parties filed a stipulation of facts covering almost all of the facts here involved.   The facts so stipulated are by reference adopted as findings of fact herein.   Such stipulated facts will be set forth herein only so far as necessary to examination of the issues, and in connection with findings of other facts not stipulated.

In substance and in short such stipulated facts are that the petitioner is a corporation which during the years 1936 and 1937 was wholly owned by Patapsco Corporation, hereinafter called Patapsco, and kept its books and records on an accrual basis of accounting. Its Federal income tax return for 1937 was filed with the collector for the twenty-third collection district at Pittsburgh, Pennsylvania. The petitioner owed Patapsco $1,325,000 in 6 percent, five-year notes. During the years 1933 to 1936 and to October 31, 1937, inclusive, the petitioner accrued on its books such interest on a monthly basis at the rate of $6,625 per month, and deducted such accruals in computing net income or loss reflected in its Federal income tax. Petitioner paid accrued interest to Patapsco as follows: In 1933, $40,888.46; on December 31, 1936, $32,000, and on June 30, 1937, $10,000, but did not designate whether the payments were to be applied on current interest or against accrued interest. For the years 1936 and 1937 petitioner had taxable income after the deduction of the interest accrued on such notes. On November 16, 1937, the $1,325,000 notes and all accrued and unpaid interest thereon, all in the total amount of $1,628,475.68, were surrendered by Patapsco to petitioner and canceled, pursuant to a written offer from Patapsco, duly accepted by the petitioner, to surrender the notes and accrued interest as a contribution to petitioner's capital. The interest accrued during 1936 was $79,500, and from January 1, 1937, to October 31, 1937, was $66,250. The cancellation of the petitioner's indebtedness by Patapsco Corporation was in pursuance of an agreement between Patapsco and Depew Securities Co., hereinafter called Depew, to which Patapsco was indebted. On November 10, 1937, Patapsco agreed with Depew to surrender to the petitioner its notes and interest thereon as a contribution to capital, and to cause petitioner to declare a dividend of $74,000, payable on or before November 18, 1937, and upon payment of such dividend that Patapsco would pay the amount thereof to Depew on the indebtedness to it. After the cancellation of petitioner's notes to Patapsco, the $74,000 dividend was declared by petitioner, paid to Patapsco by check, and the check was endorsed by Patapsco to Depew Securities Co. In addition to the stipulated facts above recited, we further find that the petitioner paid no consideration for the cancellation of its notes and accrued interest.

The Commissioner in the determination of deficiency increased petitioner's taxable income by $145,750 representing the $79,500 interest accrued by the petitioner during 1936 and the $66,250 interest accrued by the petitioner from January 1, 1937, to October 31, 1937, upon the indebtedness to Patapsco. The Commissioner treated the $32,000 paid by petitioner on December 31, 1936, and the $10,000 paid on June 30, 1937, as payments made on account of the earliest interest accrued and

unpaid, that is, treated it as upon interest accrued in years prior to 1936.

Our first question, therefore, is whether the $145,750 was properly added to petitioner's income. The petitioner urges, first, that the forgiveness of interest and indebtedness was particularly made as a contribution to capital and therefore was under article 22 (a)–14 of Regulations 94 not income because it was gratuitous forgiveness of indebtedness by a shareholder; and, second, that under *Helvering* v. *American Dental Co.* 318 U. S. 322, the transaction was gratuitous and therefore no income resulted. To the latter contention respondent replies in substance that the *American Dental Co.* case does not apply because cancellation of the interest was not voluntary, for the reason that it was done pursuant to agreement between Patapsco and its creditor, Depew Securities Corporation, so that petitioner could pay a dividend (which, having a deficit in accumulated earnings and profits, it could not then do under Pennsylvania law), that the dividend could then be paid and was paid, resulting in payment of the same amount to Depew. In the light of what was said in the *American Dental Co.* case, we are unable to agree with the respondent's contention. The transaction between Patapsco and its creditor Depew does not, in our opinion, prevent the application of the *American Dental Co.* case to the situation between the petitioner and Patapsco. As between them no consideration passed, the forgiveness of indebtedness was gratuitous, and the matters between Patapsco and its creditor, in our opinion, come clearly within the ambit of "motives leading to the cancellation" which under the *American Dental Co.* case are not significant even though they are "those of business or even selfish." The situation here at hand is in essence not different from that in *George Hall Corporation*, 2 T. C. 146, and *Pancoast Hotel Co.*, 2 T. C. 362, wherein we applied the principle enunciated in the *American Dental Co.* case. We conclude and hold, under that case, that the forgiveness of interest was gratuitous and did not result in taxable income to the petitioner. This conclusion renders it unnecessary to consider further the language of article 22 (a)–14, Regulations 94, covering forgiveness of indebtedness by a shareholder.

The respondent in the alternative contends that if the interest forgiven be not considered taxable income, then it follows that no deduction of interest accrued during 1937 (in the amount of $66,250) should be allowed, in effect, because prior to the end of the year both principal debt and interest had been forgiven. Reliance is placed upon *Shellabarger Grain Products Co.*, 2 T. C. 75, where we held that cancellation of indebtedness on a note, including both principal and interest, required the disallowance of deduction for interest accrued during the same taxable year in which the cancellation of indebtedness took place.

The petitioner, attempting to distinguish the *Shellabarger* case, says that therein the debtor accrued the interest after the agreement to settle the indebtedness, whereas, petitioner argues, herein the accrual of interest had been entered monthly prior to the cancellation and in good faith, and in accordance with the petitioner's practice of several years standing, and, therefore, that petitioner having been on the accrual basis and having actually accrued in good faith the interest involved, the right to deduction should not be affected by the mere circumstance that prior to the end of the taxable year the indebtedness, including the accrued interest, had been forgiven. The reading of the *Shellabarger* case indicates petitioner is not justified in its statement of the facts therein, that is, that the interest was accrued only after the agreement to cancel indebtedness. The opinion recites only that on the day of the cancellation petitioner "made an entry on its books by which, among other things, it debited accrued interest on the note in the amount of $351.78 and credited gain and loss in the amount of $8,382.08." Thus it appears that the accrual may have been entered prior to any agreement to cancel indebtedness, as in the instant case. Regardless of this distinction, however, in our opinion the proper rule was followed in the *Shellabarger* case and where, as here, the indebtedness and interest were canceled during the taxable year, deduction of such interest for the taxable year may not be allowed. The situation is in principle analogous to that considered in the line of cases beginning with *H. C. Couch*, 1 B. T. A. 103, and followed in *Stern-Slegman-Prins Co.* v. *Commissioner*, 79 Fed. (2d) 289, to the general effect that adjustment of income prior to the end of the taxable year affects the amount to be returned. Nor do we consider sound the petitioner's additional argument that, since the forgiveness of interest accrued was specifically made as a contribution to petitioner's capital, the deduction for interest accrued should be allowed because the effect of such contribution to capital is the same as if the petitioner had actually paid the interest to Patapsco and it had been paid back as a capital contribution—in which case, the petitioner argues, the deduction would have been clearly allowed. This argument overlooks the fact that the petitioner was not upon the cash basis. We must view the facts as they were and not as they might have been.

The petitioner contends, also, in the alternative, that in any event it should be allowed a deduction of the $10,000 interest actually paid in the taxable year. The respondent points out that the interest actually paid was not by the petitioner allocated to the interest accrued for the taxable year, and, therefore, under the law of Pennsylvania, the situs of the matter, was applicable to interest accrued for earlier years. (*Delaware Dredging Co.* v. *Tucker Stevedoring Co.*, 25 Fed. (2d) 44.) In the determination of the deficiency the amounts paid

were therefore considered as applicable to interest accrued in prior years. In such a situation, the petitioner not being upon the cash basis, we think it clear that the interest paid was not deductible in the taxable year. We conclude and hold that the Commissioner erred in allowing a deduction of the $66,250 interest in the taxable year.

*Decision will be entered under Rule 50.*