Elizabeth Operating Corporation v. Commissioner.
Elizabeth Operating Corp. v. Commissioner
Docket No. 112709.
United States Tax Court
1943 Tax Ct. Memo LEXIS 101; 2 T.C.M. (CCH) 817; T.C.M. (RIA) 43434; September 23, 1943
*101 W. P. Edmondson, C.P.A., 409 National Bank of Commerce Bldg., Norfolk, Va., for the petitioner, E. M. Woolf, Esq., for the respondent. HILL Memorandum Opinion HILL, Judge: This proceeding involves deficiencies in income tax and declared value excess-profits tax for the calendar year 1940 in the respective amounts of $1,007.95 and $135.65. Two issues are raised by the original pleadings, namely, (1) in arriving at the adjusted basis for determining gain from the sale of property, may petitioner decrease the unadjusted basis by an amount less than the sum of the deductions previously allowed for depreciation? and (2) is $4,910.91, representing cancellation of indebtedness, to be included in petitioner's income? A third question, alternate to (2) above, is raised by respondent's amended answer. In the event that the amount of indebtedness cancelled is held not to be taxable income, then we are asked to determine if such amount should reduce the cost basis of the property in computing the gain from its sale. No appearance was made at the hearing in petitioner's behalf and its tax returns for the years 1932 through 1940, comprising respondent's exhibits A and B, constitute the sole evidence *102 in the case. Accordingly, the facts upon which our opinion is based are limited to those disclosed by such returns together with those alleged in the petition and admitted in the amended answer. [The Facts] Petitioner is a corporation organized in 1932 under the laws of the State of Virginia with principal office in Norfolk, Virginia. Its tax return for the calendar year 1940, made on the cash receipts and disbursements basis, was filed with the collector of internal revenue, Richmond, Virginia. In September, 1932, petitioner acquired property known as the Victoria Hotel, located in Norfolk, Virginia, together with the furniture situate therein. For this property petitioner agreed to pay $69,910.91 by assuming first and second mortgages in the amounts of $38,000 and $31,910.91, respectively. Petitioner allocated the purchase price as follows: $20,000 to land, $48,110.91 to building and $1,800 to furniture. Respondent acquiesces in such allocation. For the years 1932 through 1939, petitioner charged off on its books and deducted on its Federal income tax returns, depreciation on the Victoria Hotel property in the following amounts: Year
Building
Furniture
1932
$ 240.55
$ 45.00
1933
962.22
180.00
1934
962.22
180.00
1935
962.22
180.00
1936
1,924.44
180.00
1937
1,924.44
180.00
1938
1,924.44
180.00
1939
1,924.44
180.00
Total
$10,824.97
$1,305.00
*103 Total depreciation claimed and allowed on its income tax returns on this property from 1932 through 1939, was $12,129.97. On January 15, 1940, this property was sold for $67,000. Petitioner's income tax return for 1940 showed the basis of the property for the purpose of determining gain on the sale to be the cost ($69,910.91) less depreciation of $10,273.17. Petitioner arrived at the latter figure by reducing the depreciation on the building for each year 1936 through 1939 from $1,924.44, the amount previously claimed and allowed, to $1,443.33 and including depreciation on the building and furniture from January 1, 1940 to the date of sale in the respective amounts of $60.14 and $7.50. The operation of the hotel in each of the years 1936 through 1939 resulted in a net loss after depreciation regardless of whether $1,924.44 or $1,443.33 be deducted for building depreciation in each of such years. In 1940, but prior to the sale, the owner of the second mortgage against the property reduced the liability under such mortgage from $31,910.91 to $27,000, a cancellation or reduction of $4,910.91. Petitioner elected to report its gain from the sale on the installment basis. In determining *104 the deficiency, respondent reduced the unadjusted basis of the property by the amount of depreciation actually allowed in prior years plus the amount of depreciation for the first 15 days of 1940, which he determined to be allowable at the same rates used by petitioner for 1936 to 1939, inclusive. Respondent also added the $4,910.91 debt cancellation to income. [Opinion] Petitioner seeks to justify its act in fixing building depreciation, for purposes of determining gain from the sale, below the sum of the depreciation deductions previously claimed and allowed on the grounds that, (1) such deductions were excessive with respect to the years 1936 through 1939 and, (2) that its net income in those years was not in fact reduced by such deductions. Neither of these grounds is tenable. In the first place, petitioner offered no evidence to prove that the deductions for depreciation allowed in each of the years 1936 to 1939, inclusive, were excessive and, hence, it has failed to meet its burden. Nocona Cotton Seed Oil Co., 42 B.T.A. 1172. Secondly, similar contentions recently have been decided adversely to the taxpayer in the case of Virginian Hotel Corporation of Lynchburg v. Helvering, 319 U.S. 523. *105 The Virginian Hotel case involved the determination of a new depreciation basis. The adjusted basis for computing depreciation on a property and for determining gain or loss on its sale is one and the same. It is to be ascertained by application of the provisions of section 113 (b) of the Internal Revenue Code. Accordingly, the decision in the Virginian Hotel case is decisive though the facts therein are distinguishable from those present in cases involving the sale or exchange of property. American National Realty Co. v. Commissioner, 136 Fed. (2d) 486. On authority of Virginian Hotel Corporation of Lynchburg, supra, we hold that petitioner, in determining gain from the sale of the Victoria Hotel property, may not fix the depreciation taken into account at a figure less than the sum of the depreciation deductions allowed in prior years. We approve respondent's adjustment of the basis of the property for gain or loss. The second issue also must be decided in respondent's favor. Respondent, in determining the disputed deficiency, ruled that $4,910.91, the amount by which the holder of the second mortgage reduced *106 the obligation, constituted taxable income to petitioner. This holding carries with it a presumption of correctness and upon petitioner is imposed the burden of proving it erroneous. Welch v. Helvering, 290 U.S. 111. Petitioner, though it failed to cause an appearance to be made in its behalf at the hearing, has filed a brief to which we have given consideration. It therein urges that this issue must be resolved in its favor under the decision of the Supreme Court in Helvering v. American Dental Co., 318 U.S. 322. That case holds that a gratuitous cancellation of indebtedness does not constitute income to the debtor. Mr. Justice Reed said, "The forgiveness was gratuitous, a release of something to the debtor, for nothing, and sufficient to make the cancellation here gifts within the statute." We do not construe the decision to mean that taxable income can never arise from the cancellation of indebtedness. We have carefully scrutinized the pleadings and, with reference to this issue, we are able to find only that the owner of the second mortgage "reduced the liability under such mortgage from $31,910.91 to $27,000, *107 a cancellation or reduction of $4,910.91." All other pertinent facts alleged in the petition in connection with the reduction have been denied and we are obliged to disregard them, no evidence having been adduced in their support. To bring the reduction of the debt within the sphere of the American Dental Co. decision, it was incumbent upon petitioner to establish by competent evidence that no consideration for the cancellation passed from it to the mortgagee. It can not be inferred from the mere fact that the mortgagee cancelled or reduced the debt that such action was taken gratuitously. On the contrary, it is common knowledge that creditors, as a rule, do not gratuitously forgive in whole or in part the obligations of their debtors. Reference to our recent decisions following Helvering v. American Dental Co., supra, discloses that, in each instance, we were able to find that the particular cancellations were gratuitous. As an example, in McConway & Torley Corp., 2 T.C. 593, the following appears, "* * * we further find that the petitioner paid no consideration for the cancellation of its notes and accrued interest." *108 That the existence of such a circumstance is a necessary condition to the application of the doctrine of American Dental Co. case is recognized in Pancoast Hotel Co., 2 T.C. 362, where we said in our opinion, "* * * In the instant case the evidence establishes that the bondholders received no consideration for their agreement to accept less than the amounts due them. * * *" And again, "Pancoast's agreement to accept less than the agreed amount was entirely without consideration, and therefore constituted a gift to the petitioner, the value of which is not to be included in income under the statute." No evidence appearing that the reduction of petitioner's indebtedness by the amount of $4,910.91 was gratuitous, we approve respondent's action in adding that amount to petitioner's income for tax purposes. In view of this conclusion it is unnecessary to discuss or decide respondent's alternate contention. Decision will be entered for respondent.