*Decisions will be entered under Rule 50.*

EDMONT HOTEL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12327. Promulgated February 10, 1948.

*Charles G. Dibell, Jr., Esq.,* for the petitioner.
*D. Louis Bergeron, Esq.,* for the respondent.

#### OPINION.

JOHNSON, *Judge*: The Commissioner determined deficiencies of $4,615.04 and of $2.32 in petitioner's income and declared value excess profits taxes, respectively, for the fiscal year ended August 31, 1943, in part by adding to income reported a gain of $10,000 determined realized by petitioner's acquisition and retirement of its bonds at less than par. Petitioner contends that the bondholders' surrender of the

bonds to it for less than face value was a gratuitous forgiveness of debt and that the amount forgiven is not taxable as income. The case was submitted upon a stipulation and exhibits, which are incorporated by reference as findings of fact, and from which it appears that:

Petitioner, a Texas corporation, with principal office at Galveston, Texas, is engaged in the operation of a hotel at Beaumont, Texas. It filed its income tax return for the fiscal year ended August 31, 1943, with the collector of internal revenue for the first district of Texas.

Under the terms of an indenture dated September 14, 1934, petitioner issued bonds, of an aggregate par value of $662,500, secured by a deed of trust on its property. The property, consisting of land, buildings, and equipment, was then subject to a first deed of trust, securing a debt of $70,000, and it was provided by the indenture under which the bonds were issued that petitioner's net annual earnings should be paid to a designated trust company as "Paying Agent" for application to the debt and to interest on the bonds. The interest varied from 3 per cent to 5 per cent, payable according to dates not here material. The debt was paid in full before the taxable year, and thereupon petitioner became obligated to deposit with the paying agent before October of each year the sum of $10,000 for the purpose of purchasing bonds secured by the deed of trust on tenders or in the open market. The paying agent was required to place such deposits and all net income not used for interest payments in a sinking fund, and:

First: on October 1, 1942, and on October first of each year thereafter, to purchase at the lowest price less than par, excluding interest, any bonds of the issue hereby secured which during the next succeeding thirty days may be offered for sale by the holders thereof, on written tenders to the Paying Agent, and thereafter, during the next succeeding three months, to purchase in the open market, at the lowest prices, not more than par, excluding interest, for which any of the bonds of this issue may be offered; Second: Funds remaining after all such bonds tendered or offered in the open market have been purchased, to prepay and redeem on the next succeeding April 1st bonds of this issue, selected by lot. * * *

On April 10, 1942, all of petitioner's stock was acquired by W. L. Moody, Jr., as community property, and since his wife's death on March 23, 1943, it has been owned one-half by Moody and one-half by the wife's estate. During the period April–October 1942 Moody and his controlled corporations, the National Hotel Co. and News Publishing Co., acquired petitioner's bonds of an aggregate par value of $618,000 for $309,000. On October 12, 1942, petitioner, by its secretary, A. T. Wayne, transmitted $10,000 to the paying agent for the purchase of such bonds, and on the same date the National Hotel Co., by its secretary, who was also A. T. Wayne, made to the paying agent a written offer of $20,000 par value bonds for $10,000. On November

27, 1942, the paying agent advised the bondholders by circular that $10,000 was available to purchase bonds at the lowest price and invited the bondholders to make offers of their bonds. William M. Day tendered a $1,000 bond for 50 per cent of face value. In January 1943 the paying agent accepted Day's offer in full and the National Hotel Co.'s offer to the extent of $19,000 par value, and thereby acquired for $10,000 petitioner's bonds of a par value of $20,000. The bonds were retired, and petitioner's liabilities were reduced by $20,000 on its books.

The National Hotel Co. was engaged by petitioner on August 1, 1942, to supervise the management, operation and financing of petitioner's hotel, to audit its accounts, and to represent it in tax and legal matters, for a monthly fee of $250. Petitioner's balance sheets for the fiscal years ended August 31, 1942, 1943, and 1944 indicate that it was solvent, and on its tax returns it deducted this fee and the accrued interest on its bonds.

Petitioner attached to its 1944 return (but not to its 1943 return) a consent to adjustment in the basis of its property under section 113 (b) (3), Internal Revenue Code, in which consent it was stated that $20,000 par value bonds had been purchased during the fiscal year ended August 31, 1944, at a profit of $10,000.

In determining petitioner's income tax for the fiscal year ended August 31, 1943, the Commissioner added to income reported $10,000 realized through the purchase and retirement of $20,000 par value bonds for $10,000. He now defends that determination, relying on *United States* v. *Kirby Lumber Co.*, 284 U. S. 1, in which taxable gain was held to result from the taxpayer's purchase of its own bonds in the open market at less than par. This doctrine has been frequently followed. See *Marion A. Blake*, 8 T. C. 546, and cases therein cited. But as the theory on which it rests contemplates an economic advantage to the purchaser, it has been held inapplicable to a purchase by an insolvent corporation which derives no economic advantage from the transaction, *Fifth Avenue-Fourteenth Street Corporation* v. *Commissioner* (C. C. A., 2d Cir.), 147 Fed. (2d) 453, and to a purchase which represents a voluntary and gratuitous relinquishment of a part of the indebtedness by the creditor. *Lewis F. Jacobson*, 6 T. C. 1048; affirmed on Commissioner's appeal, reversed on petitioner's appeal, *Commissioner* v. *Jacobson* (C. C. A., 7th Cir.), 164 Fed. (2d) 594.

Petitioner argues that the purchase in controversy resulted from such a relinquishment and represents a gratuitous forgiveness or gift by the seller bondholders of that part of the bonds' obligation which was unsatisfied. It relies on *Helvering* v. *American Dental Co.*, 318 U. S. 322, in which the taxpayer's creditors, by reducing voluntarily

and without consideration the amount of unpaid rent and canceling interest on past due accounts, were held to have made nontaxable gifts, the Court adding:

\* \* \* The fact that the motives leading to the cancellations were those of business or even selfish, if it be true, is not significant. The forgiveness was gratuitous, a release of something to the debtor for nothing, and sufficient to make the cancellation here gifts within the statute.

Petitioner acquired the bonds here in controversy by direct negotiations with the bondholders, not on the open market, and in respect of the $19,000 par value bonds, the officer acting for both debtor and creditor was the same person and was acting for closely connected principals. In respect of those bonds it is clear that, whatever may have been the holder's motive in foregoing a half of the amounts due, "the forgiveness was gratuitous, a release of something to the debtor for nothing," and the amount forgiven constitutes a gift and not taxable income. *Jacobson* v. *Commissioner, supra; Shellabarger Grain Products Co.* v. *Commissioner* (C. C. A., 7th Cir.), 146 Fed. (2d) 177; *Liberty Mirror Works*, 3 T. C. 1018; *McConway & Torley Corporation*, 2 T. C. 593; *Pancoast Hotel Co.*, 2 T. C. 362. Literally interpreted, the rationale of the *Jacobson* opinion would also be applicable to the $1,000 bond surrendered by Day, since it was not acquired on the open market, but directly from the bondholder by petitioner's agent. In the absence of evidence indicating a personal element or business relation between Day and petitioner, however, we respectfully decline to extend the doctrine of gratuitous forgiveness to the sale by him. Such extension would invite, we apprehend, the artifice of ostensible direct contact between bondholder and bond issuer in all cases in which a corporation sought to acquire its bonds at less than par, and the whole purpose of the doctrine would be readily frustrated. Under this view we hold that petitioner realized taxable income in acquiring Day's bond at less than face value.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

HARRON, *J.*, dissents.

———

KERN, *J.*, concurring: I concur in the result, which is required by our opinion entered in the case of *Lewis F. Jacobson*, 6 T. C. 1048. If no such authority existed or controlled, I would adhere to the views stated in my dissent filed therein, which, with all deference to the majority of this Court, and to the Circuit Court of Appeals for the Seventh Circuit, represented, in my opinion, the law as it stood prior to our decision in that case.

VAN FOSSAN, *J.*, agrees with the above.